STATE v. POPE

[122 N.C. App. 89 (1996)]

STATE OF NORTH CAROLINA v. NEHEMIAH POPE, JR.

No. COA95-265

(Filed 19 March 1996)

## 1. Criminal Law § 1143 (NCI4th)— offense against law officer performing duties—deputy sheriff keeping the peace—sufficiency of evidence of aggravating factor

The evidence was sufficient to support the trial court's finding as an aggravating factor for a second-degree murder that the "offense was committed against a law enforcement officer who was in uniform while in the performance of his employment" where the evidence tended to show that defendant called the sheriff's department on the day preceding the offense and threatened to kill his wife's daughter if someone did not come and get her; in accompanying the daughter the next day so that she could take her child from defendant's residence, the deputy was acting as a peace officer to protect her and her child; and he was certainly acting within his common law authority as a peace officer when, after defendant aimed his rifle toward him, the deputy pointed his gun at defendant and asked defendant to put the gun down, and defendant shot and killed the deputy. N.C.G.S. § 15A-1340.4(a)(1)(e).

**Am Jur 2d, Sheriffs, Police and Constables § 16.**

**Sufficiency of evidence, for purposes of death penalty, to establish statutory aggravating circumstance that murder was committed to avoid arrest or prosecution, to effect escape from custody, to hinder governmental function or enforcement of law, and the like—post-*Gregg* cases. 64 ALR4th 755.**

## 2. Criminal Law § 382 (NCI4th)— court's questioning of witness—no expression of opinion

The trial court's questioning of a witness was not an attempt to "rehabilitate" the witness after a successful cross-examination by defendant's attorney and was thus not an improper expression of opinion, since the court's questioning simply clarified that it was the usual practice of the sheriff's department to mediate when trouble was brewing, and these questions did not suggest that the court had an opinion about the legitimacy of such practice and did not aid the prosecution.

STATE v. POPE

[122 N.C. App. 89 (1996)]

Am Jur 2d, New Trial § 157; Trial §§ 98, 274; Witnesses §§ 53, 727, 729.

**3. Appeal and Error § 147 (NCI4th)— failure to state grounds for objection—issue not preserved for appellate review**

Defendant failed to preserve for appellate review his assertion that the trial court committed reversible error by permitting the State to impeach him with extrinsic evidence of a collateral matter, since defendant failed to specifically object on the ground he asserted on appeal, in spite of several opportunities to do so, and it was not apparent from the context that defendant was objecting on the ground he asserted on appeal. N.C.R. App. P. 10(b)(1).

**Am Jur 2d, Trial §§ 428, 429, 705.**

Appeal by defendant from judgment and commitment entered 11 August 1994 by Judge William C. Griffin in Hertford County Superior Court. Heard in the Court of Appeals 25 October 1995.

*Attorney General Michael F. Easley, by Associate Attorney General C. Norman Young, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender, Charlesena Elliott Walker, for defendant-appellant.*

LEWIS, Judge.

Defendant appeals his second degree murder conviction and fifty year sentence.

At 9:38 a.m. on 15 September 1992, a person identifying himself as "Boss Man Pope" called the Hertford County Sheriff's Department. When the dispatcher answered, the caller said "y'all better come and get this girl out of my house before I kill her." The caller gave his phone number and address. He then told the dispatcher that "Tonette" came to his house "to get the child" and that "he was not going to let her take him." The dispatcher told the caller that she would send a deputy to the house to take care of his complaint. The dispatcher later called the number he had given her and recognized the voice as the man who had called previously. At trial, defendant's wife confirmed that this number was that of the house where she and defendant lived.

STATE v. POPE

[122 N.C. App. 89 (1996)]

"Tonette Watford" is the daughter of defendant's wife, Mrs. Pope, and the mother of a child who had been living with the Popes since he was two months old. Deputy Paul Futrell drove Ms. Watford to defendant's home about 1:00 p.m. on 16 September 1992. He had been dispatched by the sheriff's office at Ms. Watford's request with the concurrence of DSS to take the child away from the Pope residence.

Having entered the home without a breach of the peace and having returned to his patrol car with the child and Ms. Watford, Deputy Futrell was confronted by defendant who pointed a gun at him. Defendant then shot Deputy Futrell who died at the scene. Testimony conflicted but the jury found defendant guilty of second degree murder. Judge Griffin found as the one aggravating factor, that the offense was against a law enforcement officer, in uniform, while in the performance of his employment. This factor he found outweighed the six mitigating factors.

In his brief, defendant presents arguments only on assignments of error numbers 6, 28, 34, and 36. His other assignments of error are deemed abandoned. N.C.R. App. P. 28(a) (1996). In assignments of error numbers 34 and 36, defendant asserts, *inter alia*, that the trial court violated defendant's constitutional rights in sentencing defendant based on its finding of an aggravating factor. Since defendant presents no argument on this issue in his brief, we deem it abandoned. N.C.R. App. P. 28(a) (1996).

[1] In assignments of error numbers 34 and 36, defendant also asserts that the evidence does not support the trial court's finding, as an aggravating factor at sentencing, that the "offense was committed against a law enforcement officer who was in uniform while in the performance of his employment." Defendant contends that Deputy Futrell was not on an authorized mission and that he was acting beyond his statutory authority. We conclude that he was carrying out his duty as a peace officer and therefore well within his common law authority.

N.C. Gen. Stat. section 15A-1340.4(a)(1) (1988) sets out aggravating factors that must be considered, in certain circumstances, by the trial court at sentencing. Factor (1)(e) may be found based on a preponderance of the evidence when

the offense was committed *against a present or former law enforcement officer*, employee of the Department of Correction, jailer, fireman, emergency medical technician, ambulance atten-

dant, justice or judge, clerk or assistant or deputy clerk of court, magistrate, prosecutor, juror, or witness against the defendant, *while engaged in the performance of his official duties or because of the exercise of his official duties.*

N.C.G.S. § 15A-1340.4(a)(1)(e) (1988) (emphasis added). A nearly identical aggravating factor is available in N.C. Gen. Stat. section 15A-2000(e)(8) for determining whether a defendant may or may not be tried capitally. *See* N.C.G.S. § 15A-2000(e)(8) (1988).

Our Supreme Court's construction of the aggravating factor set out in N.C.G.S. section 15A-2000(e)(8) is instructive here. In *State v. Gaines,* the Court held that this aggravating factor may be applied to the murder of a law enforcement officer who was engaged in secondary employment at the time of the murder. *State v. Gaines,* 332 N.C. 461, 465, 421 S.E.2d 569, 570 (1992), *cert. denied,* 507 U.S. 1038, 123 L. Ed. 2d 486 (1993). Citing previous holdings, the *Gaines* court stated that the aggravating factor in N.C.G.S. section 15A-2000(e)(8) may be found when an "on-duty" or on-shift law enforcement officer in uniform is murdered during the performance of his employment. *Id.* at 470, 421 S.E.2d at 573.

Here, the trial court tracked this statement by the *Gaines* court in finding, under N.C.G.S. section 15A-1340.4, that "the offense was committed on a law enforcement officer, who was in uniform, while in the performance of his employment." In tracking the *Gaines* language, the court used the phrase "performance of his employment" rather than the statutory phrase "in the performance of his official duties." Neither the State nor defendant contends that the court's re-wording of this statutory aggravating factor changed the essence of its finding. Thus, for purposes of this appeal only, we analyze the finding made by the court as a finding, under N.C.G.S. section 15A-1340.4(a)(1)(e), that the "offense was committed against a . . . law enforcement officer . . . while engaged in the performance of his official duties or because of the exercise of his official duties."

Defendant asserts that Deputy Futrell was not engaged in the performance of his official duties when he was shot. We disagree.

A deputy sheriff acts in the performance of his official duties when he exercises his common law duty to be a peace officer. Contrary to defendant's assertions, the duties of sheriffs and their deputies are not limited to those duties expressly set out by statute. N.C. Gen. Stat. § 4-1 provides as follows:

All such parts of the common law as were heretofore in force and use within this State, or so much of the common law as is not destructive of, or repugnant to, or inconsistent with, the freedom and independence of this State and the form of government therein established, and *which has not been otherwise provided for in whole or in part, not abrogated, repealed, or become obsolete*, are hereby declared to be in full force within this State.

N.C.G.S. § 4-1 (1986) (emphasis added). Under the common law, sheriffs are recognized as peace officers. *Wilson v. Mooresville*, 222 N.C. 283, 287, 22 S.E.2d 907, 911 (1942). As a peace officer, a sheriff or deputy sheriff has a duty to conserve the peace in his county and to use whatever force is necessary to preserve and prevent breaches of the peace. 80 C.J.S. *Sheriffs and Constables* § 42(a) (1953).

The record shows that defendant called the sheriff's department on the day preceding the offense and threatened to kill Ms. Watford if someone did not come and get her. In accompanying Ms. Watford the next day, Deputy Futrell was acting as a peace officer to protect her and the child. He was certainly acting as a peace officer when, after defendant aimed his rifle towards him, Deputy Futrell pointed his gun at defendant and asked defendant to put the gun down. By finding defendant guilty of second degree murder under the instructions given, the jury either rejected the theory that defendant acted in self-defense or concluded that defendant was the aggressor with intent to kill or to inflict serious bodily injury. The record evidence and the jury's verdict support the finding that Deputy Futrell was acting in the performance of his official duties at the time he was shot.

The trial judge's comments to the contrary at the charge conference are immaterial. At this conference, the trial judge stated that he would review *Gaines* on this issue. Obviously, by the time of sentencing, the trial judge concluded that the aggravating factor was appropriate under *Gaines*. The trial judge neither erred nor abused his discretion in finding this factor in aggravation.

[2] In assignment of error number 6, defendant asserts that the trial court violated his rights to a fair trial and to due process by questioning a witness in a manner that suggested an opinion on the evidence. After examining the record, we conclude that the court's questioning was proper under N.C.R. Evid. 614(b) and did not prejudice defendant.

The court questioned Chief Deputy Sharpe following direct and redirect examination by the State and cross and recross examination by defendant. The questioning went as follows:

THE COURT: Mr. Sharpe, is the sheriff's practice to—you used the word mediator earlier—mediator when there appears to be trouble brewing. Is that—

THE WITNESS: Yes, sir.

THE COURT: When you say the usual practice, is that what you mean?

THE WITNESS: Yes, sir.

THE COURT: Okay, All right. You may step down.

Defendant argues that this questioning was an attempt to "rehabilitate" the witness after a successful cross-examination by his attorney and, as such, was an improper expression of opinion. We disagree. *See State v. Whittington*, 318 N.C. 114, 125, 347 S.E.2d 403, 409 (1986) (stating that judge may ask clarifying questions if done in a manner that does not prejudice the defendant).

The court's questioning simply clarified that it was the usual practice of the sheriff's department to mediate when trouble was brewing. These questions did not suggest that the court had an opinion about the legitimacy of such a practice and did not aid the prosecution. If anything, they reinforced testimony previously elicited by defendant. The court's questions here were proper under N.C.R. Evid 614(b) and did not violate defendant's rights to a fair trial and to due process of law.

[3] In assignment of error number 28, defendant asserts that the court committed reversible error by permitting the State to impeach defendant with extrinsic evidence of a collateral matter.

In order to preserve a question for appellate review, an objecting party must state the specific grounds for the ruling he requests if these grounds are not apparent from the context. N.C.R. App. P. 10(b)(1) (1996); *see State v. Glenn*, 333 N.C. 296, 303-04, 425 S.E.2d 688, 693 (1993) (refusing to address objection on a ground not specifically asserted at trial).

The evidence that defendant claims was collateral is an operations log that documents defendant's phone call to the sheriff's office the day before Deputy Futrell was shot. At trial, defendant's attorney

objected on the ground that he did not know what the State was attempting to rebut by using the log, but he did not state why this rebuttal was objectionable. He also objected on the ground that he wanted to know the origin of the log. The court dismissed the jury, at defendant's attorney's request, to address these objections, specifically asked defendant's attorney to state the grounds for his objections, and admitted the log as a business record under N.C.R. Evid. 803(6). In spite of these opportunities, defendant failed to specifically object on the ground he now asserts on appeal. It also was not apparent from the context that defendant was objecting on the ground he now asserts. He has not preserved this issue for our review.

To the extent that assignment of error number 28 also raises constitutional issues, defendant has abandoned these issues by failing to argue them in his brief. N.C.R. App. P. 28(a) (1996).

No error.

Judges WYNN and JOHN concur.